UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL A. JENKINS,<br><br>    Plaintiff,<br><br>v.<br><br>SACRAMENTO CITY POLICE DEPARTMENT; BOB McCLOSKEY,<br><br>    Defendants. | No. 2:18-cv-406-JAM-EFB PS<br><br><br><br>ORDER |

        Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] His declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

        Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint fails to state a claim and must be dismissed.

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. at 555 (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47).

Plaintiff brings this action against the Sacramento City Police Department, Bob McCloskey, and several "Doe" defendants, alleging that defendants violated his right to equal protection under the Fourteenth Amendment.[2] ECF No. 1. Plaintiff alleges that between June 2016 and February 2018, he was "the victim of an ongoing series of crimes," which included a conspiracy to deprive him "of his right to equal protection under the law; Terrorist Threats;

---

[2] The complaint mistakenly references his "equal protection rights in violation of the First, Second, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution." *See* ECF No. 1 at 5. The Equal Protection Clause is contained in the Fourteenth Amendment, not the other amendments plaintiff cites. Thus, the court construes plaintiff's complaint as alleging a Fourteenth Amendment equal protection claim.

2

Electronic Breaking and Entering on an occupied dwelling; . . . invasion of privacy; several Petty Thefts and Trespassing; [and] Conspiracy to deprive [him] of his right to send and receive electronic communications." *Id.* at 4. Plaintiff claims that he filed numerous reports with the Sacramento Police Department regarding these alleged crimes, but the department and its investigators, supervised by defendant McCloskey, have refused to investigate the reports. *Id.* at 2. Plaintiff contends defendants are deliberately indifferent to the crimes committed against him because he is an indigent ex-felon. *Id.* at 2.

As an initial matter, plaintiff purports to bring this case against several unidentified Doe defendants. The failure to identify these defendants by name is problematic. Unknown persons cannot be served with process until they are identified by their real names, and the court will not investigate the names and identities of unnamed defendants.

More significantly, plaintiff's complaint lacks sufficient allegations to support an equal protection claim under § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish that the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff fails to identify any individual defendant who participated in the deprivation of his civil rights.

The complaint also fails to allege facts that could support a section 1983 claim against the Sacramento City Police Department. A municipal entity or its departments (such as a city police department) is liable under section 1983 only if a plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). In addition, such local government entities may not be held vicariously liable under

section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997). That is, a plaintiff may not sue any defendant on the theory that the defendant is automatically liable for the alleged misconduct of subordinate officers. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). The complaint is devoid of any allegations establishing that plaintiff suffered a constitutional injury on account of a municipal custom or policy.

Furthermore, plaintiff's Fourteenth Amendment equal protection claim fails because plaintiff does not allege that he is a member of a protected class or that he was treated differently than similarly situated individuals. *See Buchanan v. Maine*, 469 F.3d 158, 178 (1st Cir. 2006) ("Plaintiffs claiming an equal protection violation must first identify and relate specific instances where persons situated similarly in all relevant aspects were treated differently.") (internal quotation marks and citation omitted). Although he does allege that he is an indigent ex-felon, neither felons nor indigent persons are suspect classes. *See Ziegenfuss v. Arpaio*, 2014 WL 4662317, * 4 (D. Ariz. Sept. 18, 2014) ("Nor are felons a protected class."); *Oluwa v. Sec'y of State*, 2006 WL 3147682, at *4 (E.D. Cal. Nov. 1, 2006) (the plaintiff failed to state an equal-protection claim because "[f]elons . . . are not members of a protected class."), *Rodriguez v. Cook*, 169 F.3d 1176, 1179 (9th Cir. 1999) (indigent persons are not a suspect class) (citing *Harris v. McRae*, 448 U.S. 297, 323 (1980)).

Lastly, plaintiff claims defendants violated his rights under the California Constitution. ECF No. 1 at 5. Aside from failing to identify the specific provision of the California Constitution defendants allegedly violated, plaintiff has not established jurisdiction over his state law claim(s). He has yet to assert a properly pleaded federal cause of action which precludes supplemental jurisdiction over the state law claims. *See* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States), 1367(a) (where the district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction . . . ."). Nor has plaintiff established diversity jurisdiction over his state

/////

law claim(s).[3] *See* 28 U.S.C. § 1332; *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (to establish diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.).

Accordingly, plaintiff's complaint must be dismissed for failure to state a claim. Plaintiff is granted leave to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to amend, he must assert a cognizable legal theory against a proper defendant and alleged sufficient facts to support that cognizable legal theory. Any amended complaint shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.

---

[3] The complaint indicates that plaintiff is a resident of Sacramento, California, suggesting that his citizenship is the same as defendant Sacramento City Police Department. ECF No. 1 at 1; *see Moor v. Alameda County*, 411 U.S. 693, 718 (1973) ("[F]or purposes of diversity of citizenship, political subdivisions are citizens of their respective States."). It therefore appears diversity of citizenship is lacking.

5

1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: May 21, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE